**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| DANIEL FAORO,<br><br>        Plaintiff,<br><br>v.<br><br>JEWISH VOICE FOR PEACE, INC.<br>D/B/A OCCUPATION FREE DC, DISSENTERS,<br>PALESTINIAN YOUTH MOVEMENT A PROJECT OF<br>WESPAC FOUNDATION, INC., WESPAC<br>FOUNDATION, INC., HARRIET'S WILDEST<br>DREAMS, INC., DORNETHIA "NEE NEE" TAYLOR,<br>PARTY OF SOCIALISM & LIBERATION, BRIAN<br>BECKER, MARYLAND2PALESTINE, HANNAH<br>SHRAIM, AND 23 JOHN AND JANE DOES<br><br>        Defendants. | No.  25-cv-00289-ABJ<br><br><br>**PLAINTIFF'S EX PARTE MOTION TO<br>EXTEND TIME TO SERVE DEFENDANTS<br>HARRIET'S WILDEST DREAMS, INC. AND<br>DORNETHIA "NEE NEE" TAYLOR, TO<br>PERMIT ALTERNATIVE SERVICE AND TO<br>EXTEND TIME TO FILE MOTION FOR<br>CLASS CERTIFICATION** |

COMES NOW, Plaintiff Daniel Faoro, by and through undersigned counsel, and respectfully moves this Court to (1) extend the time to serve Defendants Harriet's Wildest Dreams, Inc. and Dornethia "Nee Nee" Taylor under Rule 4(m) of the Federal Rules of Civil Procedure; (2) to permit service by alternative means under Rule 4(e)(1) of the Federal Rules of Civil Procedure; and (3) to extend the time to file Faoro's motion for class certification for the reasons stated in the Memorandum of Points and Authorities contained herein, and supported by the Declaration of Neville Hedley ("Hedley Decl."). Faoro requests an extension of six weeks from the date of entry of the Court's order on his motion or any period the Court deems appropriate.

1

## MEMORANDUM OF POINTS AND AUTHORITIES

This action arises out of a traffic blockage coordinated and executed by Defendants in Washington, DC, demonstrating against the existence of the state of Israel. Plaintiff Daniel Faoro was among the thousands of victims who was trapped in his car and was unable to travel to work or other appointments in and around the District that day. Faoro filed his complaint as a class action on January 31, 2025. On the same day, the Court issued a summons to all named defendants. Faoro immediately began efforts to serve each of them. To date, five of the ten defendants have waived service (ECF Nos. 6, 7, 11, 13, 14); Maryland2Palenstine and Hannah Shraim have been served by a private process server (ECF Nos. 16 and 17); and WESPAC Foundation, Inc. has been served by the New York Secretray of State's Office (ECF No. 15).

Unfortunately, however, two defendants have not yet been served despite Faoro's diligent efforts. Because good cause justifies an extension, Faoro respectfully asks the Court to extend the period to serve defendants Harriet's Wildest Dreams, Inc. and Dornethia "Nee Nee" Taylor. Moreover, because traditional methods of service have so far been unsuccessful despite counsel's tireless efforts, Faoro moves the Court to enter an order permitting service by alternative means. Faoro requests an extension of six weeks after the date of entry of the order ruling on this motion, or any other period the Court deems appropriate. Faoro makes this request in good faith and not for purposes of delay. No defendant would be prejudiced by the extension, while Faoro would be severely prejudiced due to the statute of limitations having expired for at least one of his claims.

In addition, Faoro moves the Court for a six-week extension of the deadline by which he must move for class certification under Local Rule 23.1. Again, Faoro makes this request in good faith and not for purposes of delay. Because not all defendants have been served, an extension of time would enable Faoro to complete service and allow defendants to oppose his motion if they choose to do so. And because the case is not yet underway, and won't be until all defendants are served, there will be no delay in proceedings. Defendants thus would

not be prejudiced, but instead would benefit from the extended deadline. An extension would also promote judicial economy by providing a full adversarial presentation of the issues to the Court by the parties.

Defendants Jewish Voice for Peace, Inc., Party of Socialism & Liberation, Brian Becker, Palestinian Youth Movement, and Dissenters communicated through counsel that they do not oppose Faoro's request for an extension of the time to file his motion for class certification. They take no position on his request to extend the time to serve Harriet's Wildest Dreams and Taylor and to permit alternative service. Counsel for defendants Maryland2Palestine and Hannah Shraim did not respond to Faoro's request for their position on his motion. Faoro is unaware of whether WESPAC Foundation has retained counsel and could not request its position.

## I.    The time for service should be extended when a plaintiff shows good cause.

Rule 4(m) provides that "the court must extend the time for service for an appropriate period" if a plaintiff shows good cause. "Even if the plaintiff lacks good cause, the Court may, in its discretion, afford the plaintiff additional time in which to effect service properly." *Fenwick v. United States*, 691 F. Supp. 2d 108, 113 (D.D.C. 2010) (citing Fed. R. Civ. Pro. 4(m)). In assessing good cause, a court may consider equitable factors such as whether the statute of limitations would bar a plaintiff from refiling his complaint and whether a plaintiff has been diligent in pursuing service. *Morrissey v. Mayorkas*, 17 F.4th 1150, 1160 (D.C. Cir. 2021). The running of a statute of limitations "weigh[s] in favor of granting" an extension. *Id.* Good cause may also be shown when some outside factor, such as a defendant's intentional evasion of service, rather than inadvertence or negligence by the plaintiff prevented service. *Reshard v. Stevenson*, 801 Fed. App'x 790, 792 (D.C. Cir. 2020). For example, a plaintiff may establish good cause by taking steps to serve an address provided by an agent of the defendant, despite having the "bad luck" of having the complaint and summons signed for by an individual with no authority to receive service of process. *See id.*; *Byrd v. District of Columbia*, 230 F.R.D. 56, 60 (D.D.C. 2005).

3

**II.    Good cause warrants an extension of time for service.**

Faoro began efforts to serve the defendants immediately upon filing his complaint. To date, defendants Jewish Voice for Peace, Inc., Party of Socialism & Liberation, Dissenters, Brian Becker, and Palestinian Youth Movement have executed waivers of the service of summons. ECF Nos. 6, 7, 11, 13, 14. Meanwhile, the New York Secretary of State confirmed that it accepted service of process on behalf of defendant WESPAC Foundation, Inc. *See* ECF No. 15; Hedley Decl. ¶ 5. A private process server personally served defendants Maryland2Palestine and Hannah Shraim on April 9. Hedley Decl. ¶ 6; ECF Nos. 16-17. Thus, eight of the ten defendants have now been served or waived service.

Faoro has undertaken diligent and extensive efforts to effect service on the remaining two defendants. The specific steps he has taken are detailed below. Because these defendants have not been present at the addresses maintained on the website and for the registered agent and appear to be evading service, Faoro respectfully requests additional time in which to serve these defendants and for leave to serve by alternative means. *See* Section III. "Individuals and corporate entities have 'a duty to avoid unnecessary expenses of serving the summons,' Fed. R. Civ. P. 4(d)(1), and Defendants have not met that duty." *Sanchez v. Yu Lin Corp.*, 2022 WL 4598653, 2022 U.S. Dist. LEXIS 179817(D.D.C. Sept. 30, 2022) (extending service deadline).

While none of the defendants will be prejudiced by an extension of the service period, Faoro would be severely prejudiced if any of his claims against any of the defendants are dismissed. His claim for false imprisonment is subject to a one-year limitations period. D.C. Code § 12–301. Faoro alleges that defendants engaged in their tortious activities on February 1, 2024, meaning that the statute of limitations has run. *See* Dkt. 1. The defendants have not yet filed an answer or other responsive pleading, and thus progression of the case will not be delayed by an extension of the service period and, in any event, proceeding with the case against the defendants on a unified schedule is in the interest of both the parties and the court.

**A.  Efforts To Serve Harriet's Wildest Dreams and Dornethia "Nee Nee" Taylor**

Defendant Harriet's Wildest Dreams, Inc. ("HWD") is a Maryland corporation. According to the State of Maryland's business search directory, its address is 6368 Coventry Way, Suite 313, Clinton, Maryland, which appears to be a UPS store. Faoro's counsel sent a Rule 4(d) waiver package to this address by U.S. Postal Service Priority Mail on February 3, 2025. The package included two copies of Form AO 399 waiver of service, a copy of the complaint, and Form 398 stating that the waiver needed to be returned in 30 days. Hedley Decl. ¶¶ 7-23.

Dornethia Taylor is the Executive Director and co-founder of Harriet's Wildest Dreams. She is the registered agent for HWD and uses the same Clinton, Maryland, address as registered agent. On February 1, 2025, Faoro's counsel sent a Rule 4(d) waiver package containing the same materials as the one sent to Harriet's Wildest Dreams to Taylor at the Clinton, Maryland, address. Faoro also searched for possible residential addresses for Taylor in Maryland, Washington, DC, and suburban Virginia, but was unable to identify any other address or residence for Taylor. Hedley Decl. ¶¶ 10-12.

According to the U.S. Postal Service tracking system, the Rule 4(d) waiver packages sent to Harriet's Wildest Dreams and Taylor were delivered to the Clinton, Maryland, address on February 5, 2025. As of the date of this filing, no waiver has been received from either defendant. *Id.* ¶ 13.

On March 6, 2025, after expiration of the 30-day deadline for return of the waiver form, Faoro engaged private process server OneLegal to serve Harriet's Wildest Dreams and Taylor. On or around that date, before engaging OneLegal, Faoro visited HWD's website and noticed that it had changed the address on its website from the Clinton, Maryland, address to a new address in Washington, DC. Faoro directed OneLegal to attempt to serve both Harriet's Wildest Dreams and Taylor at the new Washington, DC address. On March 17, OneLegal reported that they had attempted service, but were unsuccessful because nobody at the Washington, DC address knew Harriet's Wildest Dreams or Taylor. Faoro's counsel

then learned that the address is the headquarters of the nonprofit Congress Heights Community Training & Development Corp. (CHCTDC), and called CHCTDC to inquire if anyone there had any knowledge of Harriet's Wildest Dreams or Taylor, and to ask why Harriet's Wildest Dreams was using their address on its website. The person Faoro's counsel spoke with stated that Harriet's Wildest Dreams may have been a project associated with CHCTDC for female community leaders, but that Harriet's Wildest Dreams may have used the address simply for convenience. This person took down Faoro's counsel's name and number and indicated that she would pass the information and inquiry to the Executive Director at CHCTDC. After not hearing back from anyone at CHCTDC or from Harriet's Wildest Dreams or Taylor, Faoro's counsel again called CHCTDC on April 4 and made a similar inquiry. On April 7, a representative from CHCTDC returned his call and informed him that, contrary to the information provided to the OneLegal process server, Harriet's Wildest Dreams does have an office at the Washington, DC, address, but it is not regularly staffed. The CHCTDC representative provided him with a phone number for a representative of Harriet's Wildest Dreams. On April 7, Faoro's counsel directed OneLegal to attempt service of process at the UPS store in Clinton, Maryland, and to inquire of the store manager if there was a way to contact Taylor as the registered agent for Harriet's Wildest Dreams. He also instructed OneLegal to call the number for Harriet's Wildest Dreams provided by CHCTDC prior to attempting service to inquire if there would be a person staffing the Washington, DC, address and if so, attempt to make service at that location. On April 21, Faoro's counsel received a report from OneLegal that a process server had attempted to serve Harriet's Wildest Dreams at the UPS store on five separate occasions but was unsuccessful. The process server called the phone number provided by CHCTDC associated with Harriet's Wildest Dreams, but no one answered and voicemails were not returned. The UPS store manager informed the process server that the store could not accept service on behalf of Harriet's Wildest Dreams and she could not provide information about Taylor without a police report. Hedley Decl. ¶¶ 14-22 & Ex. B.

To date, OneLegal has not been able to serve Harriet's Wildest Dreams or Taylor. Faoro has initiated service of Harriet's Wildest Dreams under Maryland Rule of Civil Procedure 3-124(o) by preparing two copies of the complaint, summons, and proof of two unsuccessful service attempts, along with payment of $50, to be sent by certified mail to the Maryland State Department of Assessments and Taxation. Hedley Decl. ¶ 23.

As of April 22, Harriet Wildest Dreams's Instagram and X social media accounts are active and have been posting items relating to protests and other community actions in Washington, DC. Some of these posts include pictures and videos of Taylor. Harriet's Wildest Dreams's website remains active and contains an email address for the organization. Hedley Decl. ¶ 24.

## III.    Alternative service is appropriate.

Rule 4(e) provides for two avenues of service for U.S.-based defendants: (1) following the state law for serving a summons in the state in which the district court is located; or (2) personally serving the individual or leaving a copy of the summons and complaint at the individual's dwelling with someone of suitable age. Rule 4 of the District of Columbia Superior Court Rules of Civil Procedure governs service of process for the District. District of Columbia law permits service on individuals personally, at their abode, or through a registered agent. D.C. Supr. Ct. R. Civ. P. 4(e). In addition, District of Columbia law also allows for corporations and individuals located in the United States to be served by registered or certified mail, return receipt requested or by first-class mail with notice and acknowledgement. D.C. Supr. Ct. R. Civ. P. 4(c)(4), 4(c)(5). The first three methods of 4(e) have not been achievable here, and the latter two methods of service of 4(c) "require[] Defendants' cooperation and it is clear from the record that such cooperation [is] unlikely." *Sanchez v. Yu Lin Corp.*, 2022 WL 4598653, 2022 U.S. Dist. LEXIS 179817, at *9 (D.D.C. Sept. 30, 2022).

District of Columbia law provides for an alternative form of service on individuals "[i]f the court determines that, after diligent effort, a party has been unable to accomplish service

by a method" specifically allowed. D.C. Supr. Ct. R. Civ. P. 4(e)(3)(A). "The court may allow service by any 'manner that the court deems just and reasonable,' so long as the chosen method is 'reasonably calculated to give actual notice of the action to the party to be served.'" *Sanchez*, 2022 U.S. Dist. LEXIS 179817, at *10 (quoting D.C. Supr. Ct. R. Civ. P. 4(e)(3)(A)). The plaintiff requesting to use alternative service must file a motion with an affidavit specifying the diligent efforts used. This standard follows the Supreme Court's holding that due process requires only that the court provide "notice reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Jones v. Flowers*, 547 U.S. 220, 226 (2006).

Just like the plaintiff in *Sanchez*, Faoro has been diligent and filed the requisite motion and affidavit. *See* Hedley Decl. Faoro has doggedly pursued every possible avenue of service provided under the rules. He now seeks leave from the court to serve the last two defendants, who appear to be evading service and are on notice of the lawsuit, by alternative means.

The court in *Sanchez* permitted the plaintiff to serve individual defendants by U.S. Postal Service Priority Mail at their residential address, requiring the plaintiff to file an affidavit of service that included a tracking certification and confirmation of delivery. In addition, District of Columbia law allows service on a corporation to be made on "an officer, a managing or general agent, or any other gent authorized by appointment or by law to receive service of process," and, if the agent is one authorized by statute to receive service and the statute so requires, "by also mailing a copy to the defendant." D.C. Supr. Ct. R. Civ. P. 4(h)(1); *Sanchez*, 2022 U.S. Dist. LEXIS 179817, at *11-*12. As Taylor is the registered agent and an officer of Harriet's Wildest Dreams, service on her would also constitute service on the organization.

Here, Faoro proposes to serve Harriet's Wildest Dreams, Inc. and Taylor by sending another copy of the complaint and summons by U.S. Postal Service Priority Mail, which has tracking and delivery confirmation, to both the Clinton, Maryland, and Washington, DC, addresses that Harriet's Wildest Dreams has displayed on its website and the former of

which Taylor uses as registered agent, and by sending an email attaching the documents to the email address on Harriet's Wildest Dreams's website. In addition, because Harriet's Wildest Dreams is a Maryland corporation, Faoro will attempt to serve it by serving the Maryland State Department of Assessments and Taxation under Maryland Rule of Civil Procedure 3-124(o). *See Cherry v. Dist. of Columbia*, 2018 U.S. Dist. LEXIS 245486 at *5, 2018 WL 11386838 (D.D.C. July 19 2018). To further ensure notice to Harriet's Wildest Dreams and Taylor, Faoro will message Taylor on known social media accounts (*e.g.*, Instagram, LinkedIn) and Harriest's Wildest Dreams's Instagram account to inform the defendants of the lawsuit and the mailings.

## IV. Extension of the deadline for Faoro's class certification motion is warranted.

Under Local Rule 23.1, in a case sought to be maintained as a class action, a plaintiff must move for class certification within 90 days after filing the complaint, "unless the Court in the exercise of its discretion has extended this period." In addition, a court may extend the time for a motion for class certification pursuant to Federal Rule of Civil Procedure 6(b).

Faoro seeks an extension of the time to move for class certification co-extensive with the extension he seeks to effectuate service. Ordinarily, the 90-day period for moving for class certification is similarly co-extensive with the time for service. *See* Fed. R. Civ. Pro. 4(m).

Two defendants have not yet been served, making any motion for class certification premature. An extension will not prejudice defendants, as they have "been on notice since the filing of the original complaint" that Faoro "intended to pursue a class action." *Sakyi v. Estee Lauder Cos.*, 298 F. Supp. 3d 16, 20 (D.D.C. 2018) (extending time to move for class certification and quoting *Cryer v. InterSolutions, Inc.*, 2007 U.S. Dist. LEXIS 29241, 2007 WL 1191928, at *6 (D.D.C. Apr. 20, 2007)).  If anything, an extension will benefit defendants, as they will all have an opportunity to decide whether to oppose the motion; if the motion were filed without the extension, multiple defendants would not have that opportunity, and the court would not have the benefit of full adversarial briefing. Moreover, several of the defendants who have been served have asked Faoro to agree to extend the time for them to

answer, and while a specific date has not been set, Faoro has communicated that he is willing to a reasonable extension. Accordingly, the requested extension will not delay the case. Even if there were a short delay, that delay is due to two defendants' inaccurate recordkeeping as to their present addresses and apparent attempts to evade service, as Faoro has diligently attempted service since filing the complaint.

Dated: April 23, 2025

                                Respectfully Submitted,

                                By:   /s/ Anna St. John
                                Anna St. John (DC Bar No. 983914)
                                Neville S. Hedley (DC Bar No. 458259)
                                HAMILTON LINCOLN LAW INSTITUTE
                                1629 K Street NW, Suite 300
                                Washington, DC 20006
                                Telephone: (917) 327-2392
                                anna.stjohn@hlli.org
                                ned.hedley@hlli.org

                                *Attorneys for Plaintiff Daniel Faoro*

**Certificate of Service**

I hereby certify that on this day I filed the foregoing with the Clerk of the Court via CM/ECF, thus effectuating service on all counsel who are registered as electronic filers in this case.

Dated: April 23, 2025

*/s/ Anna St. John*
Anna St. John