IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DANIEL FAORO, ) | |
| ) | |
| Plaintiff, ) | Case No. 1:25-cv-289 (ABJ) |
| ) | |
| v. ) | |
| ) | |
| JEWISH VOICE FOR PEACE, INC., et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |

**DEFENDANT WESPAC FOUNDATION INC.'S NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF ITS MOTION TO DISMISS COMPLAINT**

Defendant WESPAC Foundation, Inc. ("WESPAC") respectfully submits this Notice of Supplemental Authority in support of its Motion to Dismiss Plaintiff Daniel Faoro's Complaint pursuant to Fed. R. Civ. P. 12(b)(1), (2) and (6).

On August 7, 2025, after WESPAC filed its Motion to Dismiss and Plaintiff filed his opposition brief, the United States District Court for the Northern District of Illinois granted WESPAC's and all Defendants' Motions to Dismiss, with prejudice, for failure to state a claim, and granted Rule 11 sanctions, in *Manhart v. WESPAC Foundation, Inc., et al.,* No. 24-cv-08209-MMR, ECF 109, 2025 WL 2257408 (N.D. Ill., Aug. 7, 2025).

WESPAC respectfully submits that this decision is relevant to, *inter alia,* the following issues:

- whether Plaintiffs' Complaint should be dismissed for failure to state a claim against WESPAC and all Defendants; and more specifically,
- whether Plaintiff's claim for false imprisonment fails as a matter of law;
- whether Plaintiff's claim for public nuisance fails as a matter of law;

1

- whether Plaintiff's civil conspiracy claim fails as a matter of law;

- whether Plaintiff's "alternative" negligence or recklessness claim against WESPAC fails as a matter of law, including because (i) Plaintiff has failed to allege that PYM is liable for any tortious conduct; (ii) WESPAC's fiscal sponsorship of PYM is insufficient to establish WESPAC's liability; (iii) WESPAC owed no legal duty to Plaintiff, either to control or supervise the activities of PYM, or otherwise; and (iv) neither Rev. Rul. 68-489,1968-2 C.B. 210 nor any IRS rule could ever create a legal duty sufficient to substantiate a tort claim;

- whether the Complaint should be dismissed with prejudice, because any amendment would be futile, and because the action is intended to harass.

Dated: August 12, 2025                                    Respectfully submitted,

/s/ Robert L. Herbst
Robert L. Herbst
HERBST LAW PLLC
420 Lexington Avenue, Suite 300
New York, New York 10170
(914) 450-8163
rherbst@herbstlawny.com

HUMAN RIGHTS FIRST
Joshua Colangelo-Bryan
121 West 36th Street, PMB 520
New York, NY 10018
(212) 845-5243
colangeloj@humanrightsfirst.org

*Attorneys for Defendant WESPAC Foundation, Inc.*