**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| DANIEL FAORO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 25-0289 (ABJ) |
| | ) | |
| JEWISH VOICE FOR PEACE, INC. | ) | |
| dba OCCUPATION FREE DC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANTS HARRIET'S WILDEST DREAMS, INC. AND DORNETHIA TAYLOR'S
MOTION TO ADOPT CO-DEFENDANTS' MOTIONS TO DISMISS
AND TO DISMISS THE COMPLAINT**

**INTRODUCTION**

On July 16, 2026, this Court granted the motions to dismiss filed by seven co-defendants and dismissed every claim asserted against them. Opinion at 22-23. In doing so, the Court held that the Complaint fails to state a claim for public nuisance because Plaintiff has not alleged special damage; that it fails to state a claim for false imprisonment because Plaintiff was never totally restrained; and that any embedded civil conspiracy claim fails for want of an underlying tort. Those holdings rest on defects in the pleading itself, not on facts peculiar to any individual defendant. They therefore dispose of the Complaint as to HWD and Ms. Taylor with equal force.

Rather than burden the Court and the parties with duplicative briefing that would raise the identical arguments the Court has already accepted, HWD and Ms. Taylor respectfully request leave to adopt their co-defendants' motions to dismiss and ask that the Complaint be dismissed as to them for the reasons stated in the Opinion.

1

## BACKGROUND

Plaintiff Daniel Faoro filed this putative class action arising out of a February 1, 2024 protest that he alleges blocked traffic on several routes into the District of Columbia. Compl. ¶¶ 2, 28-29. Plaintiff alleges that he was caught in the resulting traffic jam on Route 50 and was confined in his car "without moving or barely moving for close to an hour before he could navigate out of the blocked traffic and return home." Compl. ¶ 36. The Complaint pleads three counts: public nuisance (Count One), false imprisonment (Count Two), and negligence or recklessness against WESPAC only (Count Three). Compl. ¶¶ 74-85.

Seven defendants moved to dismiss. On July 16, 2026, the Court granted each of those motions and dismissed all claims against the moving defendants. Opinion at 22-23. The Court further denied as moot Plaintiff's motion to certify a class, appoint lead counsel, and appoint lead plaintiff [Dkt. # 42], and ordered that HWD, Ms. Taylor, and Maryland2Palestine, who had been served but had not yet responded, respond to the Complaint by July 24, 2026. Opinion at 23.

## ARGUMENT

### I.    Adoption of Co-Defendants' Motions Is Appropriate and Conserves Judicial Resources.

HWD and Ms. Taylor stand in the same position as the seven defendants whose motions the Court has already granted. Every argument advanced in those motions concerning the sufficiency of Counts One and Two, and concerning the absence of any freestanding civil conspiracy claim, applies to HWD and Ms. Taylor without modification, because those arguments address what the Complaint does and does not allege rather than the conduct of any particular defendant.

Permitting adoption avoids the needless expense of re-briefing settled questions, spares the Court a second round of argument on issues it has already resolved, and advances the just,

speedy, and inexpensive determination of this action. See Fed. R. Civ. P. 1. HWD and Ms. Taylor accordingly adopt and incorporate by reference the motions to dismiss, memoranda, and replies filed at Docket Numbers 46, 47, 49, 50, 52, and 55, to the extent applicable to them, and reserve all defenses available to them.

## II.    The Opinion's Holdings Dispose of Every Claim Pleaded Against HWD and Ms. Taylor.

### A.    *Count One fails because Plaintiff has not alleged special damage.*

Under District of Columbia law, "as a general proposition only governmental authorities or other representatives of the public have standing to attack a public nuisance in court." *B & W Mgmt., Inc. v. Tasea Inv. Co.*, 451 A.2d 879, 882 (D.C. 1982). A private party may sue to enjoin or recover damages for a public nuisance only if that party can allege and prove special damage, distinct from that common to the public. *Id.*; *see President & Dirs. of Georgetown Coll. v. Diavatis*, 470 A.2d 1248, 1250 (D.C. 1983).

The Court has held that Plaintiff "has not alleged any unique damages suffered arising out of the alleged public nuisance," and indeed concedes as much, and that District of Columbia case law draws no distinction between suits for damages and suits for injunctive relief when it comes to the special-damage requirement. Opinion at 18-19. That holding turns entirely on the contents of the Complaint. Because the Complaint pleads no special damage as to any defendant, Count One fails as to HWD and Ms. Taylor for precisely the reasons the Court has already given.

### B.    *Count Two fails because Plaintiff was not totally restrained.*

A false imprisonment claim requires "(1) the detention or restraint of one against his will and (2) the unlawfulness of the detention or restraint." *Doe v. Safeway, Inc.*, 88 A.3d 131, 132 (D.C. 2014). The restraint of the plaintiff's freedom of movement must have been total. *Valle v. Karagounis*, No. 22-7167, 2024 WL 3738445, at *5 (D.C. Cir. Aug. 9, 2024); *Faniel v.*

*Chesapeake & Potomac Tel. Co. of Md.*, 404 A.2d 147, 151 (D.C. 1979). It is not enough that a plaintiff felt mentally restrained. *Faniel*, 404 A.2d at 151.

The Court held that the Complaint fails this standard: Plaintiff "was in his own vehicle, operating it under his own control, moving slowly forward until he identified and utilized an alternate route and drove himself home," which the Court described as "unpleasant" but not restraint. Opinion at 21. The Court further noted the Restatement's directive that "one who blocks off a highway, intending to prevent the public from passing along it, is not liable for false imprisonment to the one whose privilege to use the highway has been thus denied." Opinion at 21 n.7 (quoting Restatement (Second) of Torts § 36 cmt. d). Again, nothing in that analysis depends on the identity of the defendant. Count Two fails as to HWD and Ms. Taylor.

### C.    *Count Three is not pleaded against HWD or Ms. Taylor.*

Count Three asserts a claim for negligence or recklessness against WESPAC alone. Compl. ¶¶ 84-85. It states no claim against HWD or Ms. Taylor, and in any event the Court has dismissed it. Opinion at 21-22.

### D.    *Any embedded civil conspiracy claim fails for want of an underlying tort.*

Although the Complaint pleads no separate count for civil conspiracy, it repeatedly invokes the language of conspiracy. Compl. ¶¶ 37-58, 65. Under District of Columbia law, civil conspiracy is not an independent tort but only a means of establishing vicarious liability for an underlying tort, and a conspiracy claim fails unless the elements of the underlying tort are satisfied. *Nader v. Democratic Nat'l Comm.*, 567 F.3d 692, 697 (D.C. Cir. 2009). Because Counts One and Two fail, no underlying tort remains to support a conspiracy theory, and any such claim must be dismissed as to HWD and Ms. Taylor for the reasons stated in the Opinion. Opinion at 22.

**CONCLUSION**

For the foregoing reasons, Defendants Harriet's Wildest Dreams, Inc. and Dornethia Taylor respectfully request that the Court grant this Motion, permit them to adopt their co-defendants' motions to dismiss, and dismiss the Complaint in its entirety as to them with prejudice.

Dated: July 24, 2026

Respectfully submitted,

/s/ Andrew O. Clarke
Andrew O. Clarke, Esquire
DC Bar ID: 1032649
DISTRICT LEGAL GROUP, PLLC
163 Waterfront Street, Suite 440
National Harbor, MD 20745
T: 202.780.9144
E: aclarke@districtlegalgroup.com
*Counsel for Defendants Harriet's Wildest Dreams, Inc. and Dornethia Taylor*

## CERTIFICATE OF SERVICE

I hereby certify that on July 24, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ Andrew O. Clarke
Andrew O. Clarke, Esquire

6